47 F.3d 1167
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Teddy COLEMAN, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 94-1587.
 United States Court of Appeals, Sixth Circuit.
 Feb. 15, 1995.
 
 Before: GUY, BOGGS and SILER, Circuit Judges.
 
 ORDER
 
 1
 Teddy Coleman appeals from a summary judgment affirming the Secretary's decision to deny a claim for benefits under the Social Security Act. The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1990, Teddy Coleman applied for disability benefits stemming from an industrial accident. Coleman's application was denied initially and upon reconsideration. The matter proceeded to a hearing before an administrative law judge (ALJ) who found Coleman not to be disabled in a decision dated March 26, 1992. The Appeals Council later decided to grant Coleman's application beginning March 26, 1992 (noting that Coleman "may be considered to have attained age 60" as of that date), but found that he was not disabled for the immediately preceding period.
 
 
 3
 Coleman sought review of the Secretary's ruling in the district court pursuant to 42 U.S.C. Sec. 405(g). The matter was referred to a magistrate judge who recommended that the decision be affirmed. The district court adopted this recommendation over Coleman's objections and this appeal followed.
 
 
 4
 Examination of the record and law reflects that, while Coleman does have a physically limiting condition, there is substantial evidence in the record supporting the Secretary's decision to deny disability benefits from the onset date to March 26, 1992.
 
 
 5
 The evidence of record reflects the following: Claimant Coleman was born July 11, 1932. Coleman, an industrial electrician, was injured on September 5, 1989, when a circuit breaker exploded. He suffered burns over much of his upper body and fell and injured his left knee. The alleged disabling condition relates to Coleman's injured knee. Coleman's knee injury was diagnosed as a ruptured quadriceps tendon for which he had surgery in October of 1989. Coleman had this repaired surgically as well as a torn meniscus in the same knee. As a result, Coleman experienced a significant limitation in the use and function of the knee. He thereafter attended a series of physical therapy and work hardening sessions as well as a course of medical treatment. Coleman never did return to his previous employment.
 
 
 6
 The ALJ initially concluded that, although Coleman had a severe impairment of the left knee, he was nevertheless able to perform his past relevant work for the most part and was therefore not disabled. The Appeals Council modified this decision. The Council agreed with the assessment of the ALJ up to the date of the decision, March 26, 1992, although the Council based its decision on Coleman's ability to perform other work existing in the economy. The Council, however, adopted that date as Coleman's presumptive sixtieth birthday and, with this additional factor in the equation, found him to be a disabled "older worker" as of that date. The decision of the Council was upheld in the district court as being supported by substantial evidence.
 
 
 7
 On appeal, counsel for Coleman brings one assignment of error, namely, that the decision of the Appeals Council denying benefits prior to March 26, 1992, is not supported by substantial evidence. There are four subtopics of this assignment: the weight given to the opinions of the treating physicians, jobs available in the economy, credibility assessments and whether the totality of Coleman impairments satisfied the grid "disabled" listings.
 
 
 8
 The standard of review that applies to Coleman's case was articulated by this court in Brainard v. Secretary of Health and Human Servs., 889 F.2d 679 (6th Cir.1989) (per curiam):
 
 
 9
 Judicial review of the Secretary's decision is limited to determining whether the Secretary's findings are supported by substantial evidence and whether the Secretary employed the proper legal standards in reaching her conclusion. Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. The scope of our review is limited to an examination of the record only. We do not review the evidence de novo, make credibility determinations nor weigh the evidence.
 
 
 10
 Id. at 681 (citations omitted). The Secretary's decision must be affirmed, if supported by substantial evidence, even if a reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir.1983) (per curiam), and even if the claimant's position is also supported by substantial evidence. Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir.1986) (en banc).
 
 
 11
 The Secretary conducts the following, five-step analysis to determine if an individual is disabled within the meaning of the Social Security Act.
 
 
 12
 1. An individual who is engaging in substantial gainful activity will not be found to be disabled regardless of medical findings.
 
 
 13
 2. An individual who does not have a severe impairment will not be found to be disabled.
 
 
 14
 3. A finding of disability will be made without consideration of vocational factors, if an individual is not working and is suffering from a severe impairment which meets the duration requirement and which meets or equals a listed impairment in Appendix 1 to Subpart P of the regulations.
 
 
 15
 4. An individual who can perform work that he or she has done in the past will not be found to be disabled.
 
 
 16
 5. If an individual cannot perform his or her past work, other factors including age, education, past work experience and residual functional capacity must be considered to determine if other work can be performed.
 
 
 17
 Further review is not necessary if it can be determined that an individual is or is not disabled at any point in this sequential analysis. 20 C.F.R. Sec. 404.1520(a). In the case at bar, the Secretary denied Coleman's application for benefits before his presumptive sixtieth birthday upon reaching the fifth step in the analysis. That is, the Secretary acknowledged Coleman could no longer work at his previous occupation, as an electrician, but found that he retained the capacity to do other existing light work from the onset date until March 26, 1992.
 
 
 18
 The Secretary's conclusion that Coleman was not disabled in the relevant period and that he possessed transferable skills is supported by substantial evidence in the record, namely, selected medical opinions, physical therapy treatment notes and the testimony of a vocational expert. These views, having been exhaustively catalogued by the ALJ, the Appeals Council and the magistrate, will be summarized.
 
 
 19
 Three different physicians examined Coleman in 1990. Dr. Vicencio noted that, although Coleman complained of pain, there was no acute swelling of his knee, he could ambulate slowly without a walking device and that he had only slight difficulty getting up from the examining table. Dr. Weiss also noted the absence of swelling and complaints of pain even though Coleman exhibited a full range of motion with his knee joint. He recommended that Coleman refrain from climbing, twisting, stooping and crawling and that Coleman not lift greater than 50 pounds. Dr. Pickering characterized Coleman's range of motion as "certainly functional without irritability today," and concluded that Coleman must be using both knees satisfactorily because there was no evidence of osteoporosis in either knee. In May of 1991, Dr. Ciullo observed that Coleman's knee was stable and that it was improving. All these medical opinions are consistent with the Secretary's finding that Coleman was capable of performing light work, that is, lifting no more than twenty pounds at a time with frequent lifting of objects weighing no more than ten pounds. 20 C.F.R. Sec. 416.967(b).
 
 
 20
 The notes from the work hardening and physical therapy programs attended by Coleman are also supportive of the Secretary's conclusion. In May of 1990, Coleman could lift 50 pounds and push/pull 70 pounds. Coleman was observed "laughing, conversing and performing tasks without demonstrating any overt symptoms" and could walk 1.2 and 1.7 miles at a moderately fast pace.
 
 
 21
 The vocational expert testified in response to a hypothetical question that there were 22,000 unskilled light jobs, and 5,000 skilled light jobs, in the immediate area that someone with Coleman's limitations could perform. This testimony of a vocational expert in response to hypothetical questions accurately portraying a claimant's impairments is substantial evidence that the claimant can perform a significant number of jobs in the national economy. Varley v. Secretary of Health and Human Servs., 820 F.2d 777, 779-780 (6th Cir.1987). All of the above supports the Secretary's findings in this matter.
 
 
 22
 As indicated, counsel for Coleman raised additional points under the heading of his assigned error, but has failed to support them in his brief. Counsel, instead, relies almost exclusively on non-contemporaneous medical testimony of Drs. Pickering and Weiss to the effect that, contrary to their earlier reports, Coleman really was disabled for the period in question. The Council was clearly acting in accord with the regulations in discounting these reports as inconsistent with objective findings spread on the record as a whole. 20 C.F.R. Sec. 404.1527(d)(4). The appeal lacks merit.
 
 
 23
 Accordingly, the district court's judgment is affirmed.